```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

MARY ANNE HILL, on behalf of
ERNEST J. HILL, IV,                  :

    Plaintiff,                       :

vs.                                  :
                                      CIVIL ACTION 08-0590-CB-M
MICHAEL J. ASTRUE,                   :
Commissioner of
Social Security,                     :

    Defendant.                       :


### REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (hereinafter *SSI*) (Docs. 1, 10).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was waived in this action (Doc. 19).  Upon consideration of the administrative record and the memoranda of the parties, it is recommended that the decision of the Commissioner be reversed, that this action be remanded for further proceedings, and that judgment be entered in favor of Plaintiff Mary Anne Hill, on behalf of Ernest J. Hill, IV, and against Defendant Michael J. Astrue.

---

[1] Although this action was actually filed by his mother on his behalf, the Court will refer to Ernest as Plaintiff.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Hill was seventeen years old and had completed an eighth-grade education (Tr. 214). In claiming benefits, Plaintiff alleges disability due to attention deficit hyperactivity disorder, adjustment disorder, and mild mental retardation (Doc. 11).

The Plaintiff protectively filed an application for SSI on September 15, 2005 (Tr. 11, 38-40). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that in spite of having several severe impairments, Hill was not disabled (Tr. 8-24). Plaintiff requested review of the hearing decision (Tr. 206-08) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Hill alleges

2

that:  (1) The ALJ erred in rejecting the opinion of the only examining mental health professional who administered objective intelligence testing; (2) the ALJ erred in giving great weight to the opinion of a consultative examiner whose prognosis was contrary to the actual medical records; (3) Plaintiff meets the requirements of Listing 112.05D; and (4) the ALJ failed to properly assess the six domains of functioning (Doc. 10).  Defendant has responded to—and denies—these claims (Doc. 14).

Hill's first claim is that the ALJ erred in rejecting the opinion of the only examining mental health professional who administered objective intelligence testing.  Plaintiff specifically refers to the examination performed by John R. Goff (Doc. 10, pp. 5-7).

John R. Goff, a Clinical Neuropsychologist, performed a psychological evaluation on November 28, 2006, during which he administered several different tests (Tr. 95-99).  On the Wechsler Intelligence Scale for Children (WISC), Hill obtained a full scale IQ score of 53.  Goff stated that

> [t]hat score falls toward the lower end of
> the mildly retarded range of psychometric
> intelligence.  The index scores were as
> follows:  verbal comprehension – 71/3,
> perceptual reasoning - 63/1, working memory -
> 54/0.2, processing speed - 50/<0.1.  The full
> scale IQ score may be somewhat spuriously low
> because of his very poor performance in terms
> of speed and accuracy in copying and symbol
> search skills.  The verbal comprehension
> score is a borderline score.  The perceptual

>     reasoning score is within the mildly retarded
>     range.

(Tr. 97).  Goff further noted that, on the Wide Range Achievement Test (WRAT), Hill's sentence comprehension score was at mid-fifth grade level, his spelling score was at a beginning-third grade level, and his word reading and math computation scores were at an ending-second grade level; this was in spite of the fact that Plaintiff was in the eighth grade and should be in the tenth grade (Tr. 98).  The Neuropsychologist stated that he did "not think that he [was] malingering or exaggerating his difficulties" (Tr. 99).

The Court notes that Plaintiff's third claim is that he meets the requirements of Listing 112.05D.  That listing requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05D (2008).[2]

In his determination, the ALJ noted that Goff had administered the WISC and summarized the examiner's conclusions (Tr. 16).  The ALJ went on, however, to stated that "Dr. Goff is accorded no weight in his assessment of the claimant.  Dr. Goff assessed the claimant to be mildly retarded.  This is

---

[2] The Court also notes that Listing 112.05C requires "[a] valid verbal, performance, or full scale IQ of 59 or less."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05C (2008).

inconsistent with the claimant's teacher's reports and all other evidence of record" (Tr. 18).  The ALJ also found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" (Tr. 14).

The Court finds that the ALJ's conclusions are not supported by substantial evidence as he has rejected objective medical evidence without even discussing it.  Specifically, Goff administered the WISC and the WRAT and indicated that he believed the scores to be valid.  The WISC scores alone would appear to satisfy the disability requirements for Listing 112.05C.  The ALJ rejected the scores without discussing them; in other words, he ignored them.  For this reason, the Court finds that the ALJ's determination is not supported by substantial evidence.

Having reached this decision, the Court notes that it is not deciding that Plaintiff is disabled.  The ALJ's ultimate conclusion may be correct.  However, because he has failed to discuss the objective test results, the Court cannot find that the determination was correct.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to

5

include, at a minimum, a supplemental hearing for the gathering of evidence as to Plaintiff's mental abilities.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original

6

      brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.	**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 20th day of May, 2009.


                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE